947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey W. BOTTOM, Defendant-Appellant.
 No. 91-3151.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Jeffrey W. Bottom appeals the denial of his motion to suppress evidence following a conditional plea of guilty to use of a communication facility to facilitate the distribution of cocaine and possession with intent to distribute cocaine. For the reasons that follow, we affirm.
 
 
 2
 * On the night of August 10, 1990, Clermont County Narcotics Unit Agent Michael McMillan was involved in an investigation of Bottom for cocaine trafficking. McMillan had received information through a Drug Enforcement Administration ("DEA") informant that Bottom was to receive a quantity of cocaine. In a previous conversation, Bottom told the informant that the cocaine was to be delivered from Florida. McMillan was aware that the same informant had recently provided information that led to arrests and seizures of contraband. Based on this information, McMillan conducted a surveillance of Bottom's residence. He observed Bottom leaving his home and making a rendezvous with a small pickup truck with Florida license plates at a nearby United Dairy Farmer store. The pickup truck followed Bottom back to his residence.
 
 
 3
 McMillan reduced this information to affidavit form and, sometime after midnight on the morning of August 11, 1990, applied for a search warrant to Judge E. Robert Schaeffer of the Clermont County Ohio Court. The judge reviewed the affidavit and signed the search warrant authorizing the search of Bottom's residence at 3840 Jackie Drive, Union Township, Clermont County, Ohio.
 
 
 4
 After having obtained the warrant and still in the early morning hours of August 11, 1990, Agent McMillan, along with some DEA officers, entered Bottom's residence and conducted a search. The officers found $9,520.00 in cash in a drawer in a bedroom occupied by codefendant Clines. They also found triple beam scales, drug records, a small amount of marijuana, and traces of white powder in the same room. In addition, $9,400.00 in cash was found in a bag belonging to codefendant Clines. Approximately 453 grams of cocaine were found in the garage.
 
 
 5
 Bottom was indicted on August 14, 1990 for use of a telephone to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b) (1988) and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. On September 17, he filed a motion to suppress evidence seized at his residence the night of his arrest. After an evidentiary hearing, the court, by order dated October 23, overruled Bottom's motion to suppress. On October 25, Bottom entered a plea of guilty to the possession charge and preserved his right to appeal the denial of the motion to suppress. He was sentenced on February 8, 1991 and now brings this appeal.
 
 II
 
 6
 Bottom contends that the district court erred in overruling his motion to suppress evidence. Specifically, he contends that the affidavit in this case contained much less information than those approved by the Supreme Court in Illinois v. Gates, 462 U.S. 213 (1983) and Massachusetts v. Upton, 466 U.S. 727 (1984). In determining whether an informant's tip establishes probable cause, the reviewing court should examine the "totality of the circumstances," focusing on factors affecting the informant's "veracity," "reliability," and "basis of knowledge." Gates, 462 U.S. at 230-31.
 
 
 7
 The affidavit supporting the search warrant in Gates alleged that police had conducted surveillance of certain suspects based upon a tip contained in an anonymous letter received at the police department. Id. at 225. The letter specified that the suspects would be transporting drugs in the trunk of their car on a certain date, and that the suspects currently had drugs in the basement of their home. The letter specified also that the suspects' usual modus operandi was to travel to Florida by plane and return by automobile. The warrant was obtained after DEA surveillance of the suspects conducting one such trip. Id. at 226.
 
 
 8
 The affidavit supporting the search warrant in Upton alleged that a police officer received a telephone call from a suspect's girlfriend. Upton, 466 U.S. at 729. She stated that the suspect's motor home contained certain stolen items. She stated also that the suspect intended to move the motor home, because police had recently raided the motel room of the individual from whom the suspect had purchased the stolen items. After verifying that a motor home was in fact parked at the location indicated by the suspect's girlfriend, an officer obtained the warrant. Id. at 729-30.
 
 
 9
 In the instant case, the affidavit contains a recitation that an informant--whose recent information had led to the arrests of subjects and seizures of contraband--told Agent McMillan that cocaine would be delivered to Bottom on August 10, 1990. In previous conversations between the informant and Bottom, Bottom said the cocaine would arrive from Florida. At 11:25 p.m. on August 10, 1990, Clermont County Narcotics and DEA agents followed Bottom from his home to a local store, where he met a pickup truck with Florida license plates, which followed him back to his home.
 
 
 10
 Bottom does not clarify in what respect the affidavit supporting the search warrant should be deemed inadequate. The informant's veracity and reliability had been established by previous interaction with the DEA. The informant's knowledge was based on a personal conversation with Bottom. Furthermore, the informant specified a date, and the appearance of a pickup truck with Florida plates on that date provides a level of corroboration perhaps less than that in Gates, but certainly more than that in Upton. Accordingly, an analysis of the totality of the circumstances reveals no basis for finding lack of probable cause to issue the search warrant.
 
 
 11
 Having found that probable cause existed to issue the warrant, we agree with the district court that it is not necessary to address the issue of whether the officers that executed the warrant acted in a good-faith belief that the warrant was legally sufficient, in accord with United States v. Leon, 468 U.S. 897 (1984).
 
 III
 
 12
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, District Judge of the United States District Court for the Eastern District of Michigan, sitting by designation